## UNITED STATES v. EQE.[1]

### *(District Court, E. D. Pennsylvania.* February 25, 1892.)

FALSE ENTRIES IN STATEMENT—NATIONAL BANKS—EVIDENCE.
    False entries in a statement, made by a book-keeper at the request of the bank examiner, purporting to give the balances due depositors, which statement it was the duty of the examiner to make, and not of the book-keeper, will not sustain an indictment for making "false entries in * * * a statement of the association," under Rev. St. 5209.

[1]Reported by Mark Wilks Collet, Esq., of the Philadelphia bar

At Law.

Indictment under Rev. St. 5209, of Charles R. Eqe, book-keeper of the Keystone National Bank of Philadelphia, the charge being that he had made entries in a statement prepared by him at the request and for the use of the bank examiner. The statement contained three kinds of misstatements—*First*, accounts appearing in the individual ledger were omitted in balance-sheet; *second*, checks were improperly deducted; *third*, balances were entered at less amounts than were actually to the credit of the depositors,—all tending to make the liability of the bank to the depositors less. The evidence showed that Eqe had been requested to make the statement by the examiner on the ground of the illness of the examiner's assistant, and that it was the custom of the examiner to make such a statement personally, and it was no part of the duty of the bank's book-keeper to do it. Verdict directed for defendant.

*W. W. Carr*, Asst. U. S. Atty., and *John R. Read*, U. S. Atty.

*John M. Strong, Hampton L. Carson*, and *Richard P. White*, for defendant.

BUTLER, District Judge, *(charging jury, orally.)* I am decided in the opinion that it would be unjust to hold that congress, in fixing the responsibility of bank officers, intended to cover such an act as was performed by this defendant, at the expense of the examiner. The statute defines explicitly the duties of such officers; the books which the clerks should keep; the statements and reports they shall make; and requires faithfulness and honesty in the discharge of these duties, making the officers responsible criminally, and subjecting them to severe penalties for failure. I consider it clear that a proper construction of the statute will not permit the defendant to be held responsible under it for the services he rendered the examiner. His act in complying with the examiner's request was voluntary; as an officer of the bank, he was not required to perform it. Even if this view was open to question, the defendant should have the benefit of the doubt; but in my judgment there is no room for doubt. The statute is highly penal, and should therefore receive a strict construction. The defendant is therefore entitled to an acquittal. While it is not before us for consideration, the explanation made by his counsel—that the defendant wrote the statement in question without seeing the books from which it purported to be made, the items and figures being read out to him by another officer of the bank, who is now suffering for his crimes—is doubtless worthy of credit.